# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE CASTRO-LARA,

    Petitioner,

vs.                                         No.     CIV 01-1445 LH/LCS

GERALD JEFFERS, Warden,
JOHN ASHCROFT, Attorney
General and IMMIGRATION
AND NATURALIZATION SERVICE,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed December 26, 2001. Petitioner, currently incarcerated and proceeding *pro se*, attacks the Immigration Judge's (IJ's) removal order of September 7, 2000, affirmed by the Board of Immigration Appeals (BIA) on July 20, 2001, and raises federal statutory and constitutional claims. The United States Magistrate Judge, having considered the arguments of the parties, record, relevant law, and being otherwise fully advised, finds that the Petition is not well-taken and should be **DENIED**.

## PROPOSED FINDINGS

    1.     Petitioner is currently confined at the Cibola County Correction Center, a correctional facility located in Milan, New Mexico, leased by the Bureau of Prisons (BOP) to incarcerate aliens serving criminal sentences subject to removal orders. Petitioner, a citizen of the Republic of Mexico, was admitted to the United States on January 19, 1971, as a lawful permanent resident. (Gov. Ex. 1 at 42.) On July 28, 1998, Petitioner pleaded guilty in the United States District Court for the

District of Arizona to importation of cocaine contrary to 21 U.S.C. §952(a) and 960 (b)(1)(b). (Gov. Ex. 2.) On November 9, 1998, Petitioner was sentenced to 80 months incarceration, to be followed by three years of supervised release. (*Id.*)

2. On September 27, 1999, the Immigration and Naturalization Service (INS) initiated removal proceedings pursuant to 8 U.S.C. §§212(a)(2)(A)(i)(II) and 212(a)(2)(C). (Gov. Ex. 3.) Petitioner opposed removal, claiming derivative citizenship. The IJ granted Petitioner several continuances to gather evidence in support of his claim. On September 7, 2000, the IJ found Petitioner removable as charged and ordered his removal to Mexico. (Gov. Ex. 4.) Petitioner appealed to the BIA. On July 20, 2001, the BIA issued an order affirming the IJ's decision. (Gov. Ex. 5.) Petitioner did not seek direct judicial review of the BIA's order, but instead filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

3. Petitioner raises highly complex issues of law, requiring careful consideration. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, and on September 30, 1996, enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104-208, 110 Stat. 3009, amended by the Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656 ("1996 legislation" or "1996 amendments"). Through the 1996 legislation, Congress amended many provisions of immigration law and significantly restricted judicial review of removal orders based on commission of certain crimes. *Tapia-Garcia v. INS*, 237 F. 3d 1216, 1218 (10th Cir. 2001). The Supreme Court has observed that limitations on judicial review, designed to "protect[ ] the Executive's discretion from the courts ... can fairly be said to be the theme of the legislation." *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 486 (1999). The pertinent

effective date for the amendments was April 1, 1997. *Henderson v. INS,* 157 F.3d 106, 117 (2d Cir.1998).

4. The 1996 amendments generally require that challenges to final removal orders be asserted on petition for review to the courts of appeal. *See* 8 U.S.C. § 1252(a)(1) & (b)(2). At the same time, the amendments purport to create an exception to this general rule by eliminating the jurisdiction of the court of appeals to hear petitions for review when brought by certain criminal aliens: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title...." 8 U.S.C. § 1252(a)(2)(C).

5. Nonetheless, the 1996 amendments did not divest the district courts of jurisdiction over habeas corpus actions brought pursuant to 28 U.S.C. § 2241. *INS v. St. Cyr*, 533 U.S. 289, ____,121 S.Ct. 2271, 2287 (2001); *Calcano-Martinez v. INS*, 533 U.S. 348, ____,121 S.Ct. 2268, 2270 (2001); *Zadvydas v. Davis*, 533 U.S.678, ___, 121 S.Ct. 2491, 2497 (2001); *Sierra v. INS*, 258 F. 3d 1213, 1217 (10th Cir. 2001); *Aguilera v. Kirkpatrick*, 241 F. 3d 1286, 1291 (10th Cir. 2001); *Jurado-Gutierrez v. Greene*, 190 F. 3d 1135, 1145 (10th Cir. 1999). Petitioner brought this case pursuant to 28 U.S.C. § 2241, raising federal constitutional and statutory claims and attacking the INS removal order. Because Petitioner is incarcerated within the District of New Mexico, the district court has subject matter jurisdiction over his §2241 Petition. *See* 28 U.S.C. § 2241.

6. Furthermore, the District of New Mexico is the proper forum for the case. Garland Jeffers, warden of detention facility where Petitioner is incarcerated, is the proper Respondent. *See* 28 U.S.C. § 2243 (writ "shall be directed to the person having custody of the person detained");

*Vazquez v. Reno*, 233 F.3d 688, 690-691 (1st Cir. 2000), *cert. denied sub nom. Vasquez v. Ashcroft*, 122 S. Ct. 43 (2001) (warden of detention facility only proper respondent in §2241 action challenging removal order); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992) (petitioner may bring a § 2241 habeas petition only in the district court that has personal jurisdiction over his custodian). Because Warden Jeffers has custody over Petitioner in a detention facility located within the District of New Mexico, the case is properly brought in this Court. *Vazquez*, 233 F. 3d at 696.

7. The next question is the proper scope of jurisdiction. A petition for habeas corpus may be used to challenge incarceration or orders of deportation as being "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although *St. Cyr* and *Calcano-Martinez* left the scope question open, courts have reached a consensus that habeas jurisdiction is limited to pure legal questions, and does not extend to factual issues or discretionary determinations. *See Sierra*, 258 F. 3d at 1217-1219 (habeas review of INS decisions limited); *Aguilera v. Kirkpatrick*, 241 F. 3d at 1292-1293 (analysis limited to constitutional questions); *Sol v. INS*, 274 F. 3d 648, 651 (2d Cir. 2001) (federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and the BIA); *Finlay v. INS*, 210 F. 3d 556, 557 (5th Cir.2000) (denial of discretionary relief does not rise to the level of a constitutional violation in habeas review); *Bowrin v. INS*, 194 F. 3d 483, 490 (4th Cir.1999) (only questions of pure law will be considered on § 2241 habeas review, review of factual or discretionary issues is prohibited.); *Catney v.* INS, 178 F. 3d 190, 195 (3d Cir. 1999) ("[F]ollowing passage of AEDPA and IIRIRA, we no longer have jurisdiction to review a denial of discretionary relief to a criminal alien."). Accordingly, consideration of Petitioner's claims will cover only legal issues and will not extend to review of factual issues or discretionary determinations.

8. Petitioner claims that the BIA's removal order violated the prohibition against double jeopardy, is an ex post facto law, violates the Due Process and Equal Protection clauses of the Fifth Amendment, that he would not have pleaded guilty had he known or been informed that the entry of a guilty plea would automatically result in his deportation, that he is eligible for a §3621(e)(2)(B) sentence reduction, even though he has an INS detainer lodged against him, that he is entitled to a waiver of removal, that his claim of derivative citizenship was erroneously denied, and that he is entitled to a stay of execution of the removal order.

9. On January 8, 2002, the Government was ordered to respond to the Petition. (Doc. 3). On February 5, 2002, the Government filed a Motion to Dismiss addressing only the issues of whether Petitioner is entitled to a waiver of removal, whether he is entitled to a stay, and whether his claim of derivative citizenship was erroneously denied. The Government is admonished that future responses to habeas corpus petitions must address all issues raised in the petition, as well as any pertinent jurisdictional issues.

10. Petitioner cites no authority in support of his Double Jeopardy claim. The Supreme Court has consistently held that the removal process is a civil proceeding and not criminal punishment. *INS v. Lopez-Mendoza*, 468 U.S. 1032,1038 (1984). A double jeopardy claim depends on the imposition of some form of criminal punishment. *Hudson v. United States*, 522 U.S. 93, 99 (1997). Removal, although harsh in some cases, is not criminal punishment. *LeTourneur v. INS*, 538 F. 2d 1368, 1370 (9th Cir.1976) (finding double jeopardy and cruel and unusual punishment claims without merit); *Oliver v. INS*, 517 F. 2d 426, 428 (2d Cir.1975) (double jeopardy and cruel and unusual punishment claims fail because deportation is a civil procedure). Accordingly, Petitioner's double jeopardy claim should be dismissed.

5

11. Petitioner next asserts that he was subjected to an ex post facto law. Petitioner fails to offer a factual basis for this claim or to cite any legal authority. The Ex Post Facto Clause is implicated when a law retroactively alters the definition of a crime or increases the punishment available for that crime. *Lynce v. Mathis*, 519 U.S. 433, 440-41 (1997). The Supreme Court has held that the AEDPA and IIRIRA may not be applied retroactively to aliens who pleaded guilty before the effective date of April 1, 1997. *St. Cyr*, 533 U.S. at ____,121 S.Ct. at 2293. Petitioner pleaded guilty on July 28, 1998, well after the effective date of the 1996 amendments. Therefore, Petitioner has failed to raise a valid ex post facto claim.

12. Petitioner states, without factual support or citation to legal authority, that his rights under the Due Process and Equal Protection Clauses of the Fifth Amendment were violated. Petitioner has not pointed out any regulation that he claims to be unconstitutional, *see e.g. Aguilera*, 241 F. 3d at 1292, or elaborated on how his rights were violated. The Supreme Court has observed that "[a]s a general matter--and assuredly in the context of claims such as those put forward in the present case--an alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against his deportation." *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. at 488. Moreover, an alien has no constitutionally protected right to discretionary relief, or to be eligible for discretionary relief. *Mohammed v. Ashcroft*, 261 F. 3d 1244, 1250 (11th Cir. 2001). Petitioner's unsupported Fifth Amendment Claims fail to state a claim and should be dismissed.

13. Petitioner asserts that he should be transferred to another facility as part of his rehabilitation. Inmates have no constitutional right to placement in a particular prison facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983);

*Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Because Petitioner has no right to incarceration at any particular facility, his request for transfer claim is subject to dismissal. *Olim*, 461 U.S. at 247-48.

14. Petitioner claims that he would not have pleaded guilty had he known or been informed that the entry of a guilty plea would automatically result in his deportation. (Petition at 5.) Petitioner further avers that had he be aware of the immigration consequences of his plea, he would not have pleaded guilty and would have gone to trial. (*Id*.) Potential immigration consequences are collateral consequences of plea, thus the district court was not required under due process clause, or Federal Rules of Criminal Procedure, to first advise defendant of those consequences in order for plea to be knowing and voluntary. *United States v. Amador-Leal*, 276 F. 3d 511, 517 (9th Cir. 2002). Petitioner's constitutional claims regarding his guilty plea are groundless.

15. Petitioner complains that he is eligible for a §3621(e)(2)(B) sentence reduction, even though he has an INS detainer lodged against him. Exhaustion of administrative remedies is a prerequisite to bringing an action with respect to prison conditions. 42 U.S.C. § 1997e(a). Moreover, the Supreme Court has recently held that exhaustion of available remedies is mandatory, and may not be bypassed, even when the particular remedy sought cannot be obtained through the prison grievance system. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The record indicates that Petitioner has failed to exhaust available administrative remedies with respect to this claim. (Petition at 3-5.) Therefore, it should be dismissed for failure to exhaust administrative remedies.

16. Furthermore, Petitioner's §3621(e)(2)(B) sentence reduction claim is contrary to the law. In support of this claim, Petitioner cites solely to a 1995 BOP statement in the Federal Register that an inmate with an INS detainer may eligible for consideration of early release to the detainer.

7

*See Drug Abuse Treatment Programs: Early Release Consideration*, 60 Fed. Reg. 27692 (May 25, 1995). This statement was not incorporated into the final regulation and thus does not carry the force of law. *See* 28 C.F.R. § 550.58 (a)(1)(i).

17.     Congress has directed that the BOP provide appropriate substance abuse treatment for prisoners that it determines have treatable conditions of substance addiction. 18 U.S.C. § 3621. Accordingly, the BOP must provide residential substance abuse treatment, and make arrangements for appropriate after care. 18 U.S.C. § 3621(e)(1). As an incentive to prisoners convicted of nonviolent offenses, the BOP may reduce their sentence by up to one year when they successfully complete the treatment program. 18 U.S.C. § 3621(e)(2)(B). However, BOP was granted the discretion to categorically exclude inmates who have had INS detainers filed against them from eligibility for early release after completing drug treatment program. *See* 18 U.S.C.A. § 3621(e)(2)(B); *United States v. Lopez-Salas*, 266 F. 3d 842, 848 (8th Cir. 2001); *see also Lopez v. Davis*, 531 U.S. 230, ___, 121 S.Ct. 714, 721 (2001) (BOP has discretion to promulgate regulation categorically denying early release to prisoners whose felonies involved use of a firearm). The BOP's determination that Petitioner was not eligible for early release due to the INS detainer lodged against him was a valid exercise of discretion under § 3621(e)(2)(B). If Petitioner desires review of the BOP's determination, he should pursue appropriate administrative remedies.

18.     Petitioner challenges the BIA's removal decision, arguing that he is entitled to a waiver of removal. Aside from being outside the scope of this court's habeas jurisdiction, this claim fails as a matter of law. Before the 1996 legislation went into effect, the Attorney General had discretion to waive deportation in certain cases under § 212(c) of the Immigration and Nationality Act. *St. Cyr*, 533 U.S. at ___, 121 S.Ct. at 2276-2277. In *St. Cyr*, the Supreme Court held that the

8

1996 amendments did not apply retroactively to a petitioner who had pleaded guilty before the effective date of April 1, 1997. *St. Cyr*, 533 U.S. at ___, 121 S.Ct. at 2293. However, § 212(c) relief is not available for an alien who pleaded guilty after the effective date of the 1996 amendments. *Carranza v. INS*, 277 F. 3d 65, 72 (1st Cir. 2002); *Oguejiofor v. Attorney General of U.S.*, 277 F. 3d 1305, 1309-1310 (11th Cir. 2002). Petitioner pleaded guilty on July 28, 1998, well after the effective date of the 1996 amendments, and was ineligible for §212(c) relief at the time of his plea as a matter of law. Furthermore, review of such a discretionary action is beyond the scope of federal habeas review. *Sol v. INS*, 274 F. 3d at 651. Hence, this claim should be dismissed.

19. Petitioner asserts that his claim of derivative citizenship was erroneously denied. Review of this factual claim is beyond this scope of habeas review. *Sol v. INS*, 274 F. 3d at 651. Nevertheless, the Court observes that the IJ was correct and that the claim is without merit. Petitioner asserts that he is entitled to derivative citizenship because his father is a United States citizen. The applicable time period for the father's period of residency is ten years, at least five of which were after the petitioner turned fourteen. 8 U.S.C. § 1401(g); *Drozd v. INS*, 155 F. 3d 81, 86 (2d Cir. 1998). A review of the transcript of the administrative hearing and records submitted to the IJ confirms that the IJ correctly determined that Petitioner's father had not resided in the United States for the required period of time, and that Petitioner was not entitled to derivative citizenship. Accordingly, the Petitioner's claim should be dismissed.

20. Finally, Petitioner requests a stay of deportation due to exceptional and extremely unusual hardship. The decision of whether to grant a motion for stay to an alien such as Petitioner is governed by 8 U.S.C. § 1252(f)(2), which provides:

> Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such an order is prohibited as a matter of law.

8 U.S.C. § 1252(f)(2).

21.　　Petitioner has offered no factual basis or legal authorities in support of his request for a stay. Petitioner has failed to make the showing required by §1252(f)(2). Thus, his request for a stay should be denied.

**RECOMMENDED DISPOSITION**

I recommend that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed December 26, 2001, be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**